IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Taniela F. Kivalu, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120072-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Utah State Office of Rehabilitation, | ) | (May 24, 2012) |
| Division of Rehabilitation Services, | ) | |
| | ) | 2012 UT App 152 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:      Taniela F. Kivalu, Orem, Petitioner Pro Se
                Mark L. Shurtleff and Brent A. Burnett, Salt Lake City, for Respondent

-----

Before Judges Davis, Thorne, and Roth.

¶1      Taniela F. Kivalu seeks review of the State Superintendent of Public Instruction's decision affirming the Utah State Office of Rehabilitation, Division of Rehabilitation Services's denial of benefits associated with Kivalu relocating to Tonga to pursue a teaching position. This matter is before the court on its own motion for summary disposition based upon lack of jurisdiction.

¶2      Kivalu initiated the underlying proceeding pursuant to the federal Vocational Rehabilitation Services statutes, which establish eligibility for benefits and the process for adjudicating a party's rights under the statutes. *See generally* 29 U.S.C. § 722 (2006). Under the statute each state is required to prepare a plan on how it will provide vocational rehabilitation services under the federal program. *See id.* § 721(a)(1). Utah enacted its plan in the State Office of Rehabilitation Act. *See generally* Utah Code Ann.

§ 53A-24-103 (2009). Under the federal statute, a party may challenge an initial decision to deny benefits to a hearing officer. *See* 29 U.S.C. § 722(c)(5)(A). If a party is not satisfied with the hearing officer's decision, he may seek "an impartial review of the decision of the hearing officer under subparagraph (A) by – the chief official of the designated State agency." *Id.* § 722(c)(5)(D). Kivalu sought such a review by the State Superintendent of Public Instruction, who denied Kivalu's appeal.

¶3      The federal statutes dictate how a party may seek judicial review of a final administrative order. *See id* § 722(c)(5)(J). Specifically, an aggrieved party "may bring a civil action for review of such decision. The action may be brought in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy." *Id.*; *see also* 34 C.F.R. § 361.57(i)(1). Thus, if Kivalu desired judicial review of the State Superintendent of Public Instruction's final decision, he was required to file a complaint in either state or federal district court. Under the applicable statutes, this court lacks the jurisdiction to review the State Superintendent of Public Instruction's decision. Accordingly, this proceeding is dismissed.


_____
James Z. Davis, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge